NELLIE UNSOELD *vs.* GEORGE UNSOELD.

Suffolk. November 13, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Marriage and Divorce. Massachusetts Reformatory. Words,* "State prison," "Jail," "House of correction."

A sentence to imprisonment in the Massachusetts Reformatory is not a sentence "to confinement at hard labor . . . in the State prison or in a jail or house of correction," and the husband or wife of one so sentenced is not entitled to a divorce under R. L. c. 152, § 2.

LIBEL, dated November 25, 1912, for divorce on the ground that the libelee "was sentenced to confinement at hard labor for five years in Concord Reformatory."

The case was heard by *Crosby, J.*, the libellee not appearing, and the judge ruled that the sentence to the Massachusetts Reformatory was not a sentence to confinement at hard labor in the State prison or in a jail or house of correction, so that the libellant was not entitled to a divorce under R. L. c. 152, § 2, and reported the case for determination by this court.

*S. A. Noon,* for the libellant.

No counsel appeared for the libellee.

HAMMOND, J. Is the reformatory at Concord the State prison, or a jail or house of correction within the meaning of R. L. c. 152, § 2? It is a narrow statutory question.

Before Rev. Sts. c. 76, there was no provision for divorce upon

the ground of sentence to a penal institution, but upon the rec-ommendation of the commissioners of the Revised Statutes there was inserted in § 5 of that chapter the provision that a divorce might be granted when either party "has been sentenced to confinement to hard labor in the State prison, or in any jail or house of correction for the term of life, or for seven years or more;" and with the exception of changing seven to five years, this provision has ever since remained.  Gen. Sts. c. 107, § 6. Pub. Sts. c. 146, § 2.

At the time the law was enacted there was no prison like the reformatory now at Concord, and the terms "State prison," "jail" and "house of correction" each had a well known meaning. The reformatory was established as such by St. 1884, c. 255.  In many material respects it differs from either the State prison or jails or houses of correction, and the distinction between it and them is recognized throughout the statutes.  It is unnecessary to refer to them at length, but it is sufficient to say that under our statutes there can be no sentence "to confinement at hard labor" at the reformatory, either for life or for any term of years. The sentence is simply "imprisonment."  R. L. c. 220, § 28.

It is now nearly a generation since the reformatory was estab-lished, and the Legislature has not changed the language of the original provision.  The question must be answered in the negative.

Under the terms of the report the libel should be dismissed; and it is

*So ordered.*